1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MYOHO WINSTON,

        Plaintiff,

    v.

I. MARTINEZ,

        Defendant.

**CASE NO. 1:17-cv-00774-MJS (PC)**

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

**(ECF No. 11)**

**THIRTY (30) DAY DEADLINE**

17      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

18 rights action filed pursuant to 42 U.S.C. § 1983 on June 6, 2017. Plaintiff has consented

19 to Magistrate Judge jurisdiction. (ECF No. 9). No other parties have appeared.

20      On August 23, 2017, the Court screened Plaintiff's original complaint and

21 dismissed it with leave to amend. (ECF No. 10.) On September 11, 2017, Plaintiff timely

22 filed an amended complaint. (ECF No. 11.) The amended complaint is now before the

23 Court for screening.

24 **I.    Screening Requirement**

25      The Court is required to screen complaints brought by prisoners seeking relief

26 against a governmental entity or an officer or employee of a governmental entity.  28

27 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner

28 has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California, however he complains of acts that occurred at the California State Prison, Corcoran in Corcoran, California ("CSP—COR"). Plaintiff brings this action against Defendant I. Martinez, a correctional officer at CSP—COR.

### A. Original Complaint and Screening Order

In the first screening Order, the Court summarized Plaintiff's allegations as follows:

> On May 18, 2016, he filed a grievance about a television having been confiscated from his cell on May 3, 2016. During a July 11, 2016, hearing on the grievance Defendant retaliated against Plaintiff by filing a false Rules Violation Report ("RVR") accusing Plaintiff of having stolen the television from another inmate. Defendant did so to prevent Plaintiff from filing a second grievance. Plaintiff's fear of Defendant kept him from filing a second grievance.

> Plaintiff alleges this retaliation violated his rights under the First Amendment.

The Court dismissed the claim on the grounds that it could not "determine if Plaintiff felt Defendant issued a false RVR in retaliation for the May 18, 2016 grievance or to dissuade Plaintiff from filing a second grievance." (ECF No. 10 at 4.) The Court granted leave to amend and instructed Plaintiff that if he chooses to file an amended complaint, it must "demonstrate a causal link between his protected activity and Defendant's retaliation for it." (Id.)

### B. Amended Complaint

The amended complaint is significantly longer than the original and begins with a confusing preface (with multiple exhibits) that does not clarify the original complaint or advance a causal link between protected activity and purported retaliation. (ECF No. 11 at 2-5.) Plaintiff provides background information on his interactions with Defendant and allegations of Defendant having routinely filed false RVRs. (Id.) He attaches copies of prison records and an RVR, on which he editorializes with commentary, arrows, and circled, highlighted text. (Id. at 4-5.)

After the preface, Plaintiff states that Defendant issued a false RVR in retaliation for the May 18, 2016 grievance and to dissuade him from continuing that grievance process. (Id. at 7.) Plaintiff follows with a long, winding narrative detailing the events described in the original complaint.

That narrative, as best the Court can interpret, is as follows.

On May 18, 2016, Plaintiff filed a grievance concerning a television that was inappropriately confiscated from his cell on May 3, 2016. At a July 11, 2016 hearing on that grievance, Defendant handcuffed Plaintiff and threatened him with violence. Defendant also issued a false RVR that alleged Plaintiff stole the television in question from another inmate. Additionally, Defendant falsified various records to make it appear the false RVR was issued before Plaintiff's grievance about the inappropriately-confiscated television.

During and after this extended narrative, Plaintiff editorializes, posing questions to the Court and commenting on the alleged actions, rather than stating facts in a straightforward manner.

Plaintiff alleges that the retaliation violated his rights under the First Amendment.

## IV.    Discussion

### A.    Brevity

In the original screening order, the Court stated that "[i]f Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a)[.]" (ECF No. 10 at 4.) The first amended complaint does not heed this instruction. See Fed. R. Civ. P. 8(a)(2) (complaint must be "a short and plain statement"); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The courts do grant leeway to pro se plaintiffs in construing their pleadings. See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those

pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Even with leeway and liberal construction, however, the complaint must not force the Court and Defendant to guess at what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and Defendant to prepare lengthy outlines "to determine who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive pleading, containing much narrative and story-telling, without clear statement of which individual did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A and, ultimately, an order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation of these instructions. Id.

Plaintiff's amended complaint consists of lengthy, winding narratives and story-telling. Figuring out from this complaint what specific allegations Plaintiff is making and how those allegations support the single claim would be excessively time-consuming for Defendant. While the Court has provided above its best interpretation of what it believes Plaintiff is alleging, the amended complaint clouds the allegations to the point that the Court cannot be certain if Plaintiff is actually stating a cognizable claim.

In short, the Court is currently unable to conduct the screening required by 28 U.S.C. § 1915A, because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1). Accordingly, the amended complaint will be dismissed with leave to file a second amended complaint. If plaintiff chooses to file a second amended complaint, he must submit **a short and plain statement** demonstrating how the actions complained of have resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). He must clearly identify the action that the Defendant took that violated his constitutional rights. Neither the Court nor the Defendant is required to review exhibits to determine what Plaintiff is alleging..

The allegations of the second amended complaint must be set forth in sequentially numbered paragraphs (each paragraph number is one greater than the one before, each paragraph has its own number, and no paragraph number is repeated anywhere in the

complaint). Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations. Rather, the second amended complaint should contain only those facts needed to show how a specific, named defendant legally wronged the plaintiff.

**Plaintiff's original complaint, which briefly stated his allegations in a straightforward manner provides the Court and Defendant with a much clearer idea of the allegations being raised than does the amended complaint. For any second amended complaint, Plaintiff should follow closer to the manner in which the original version was drafted, while simultaneously rectifying the deficiencies that the Court identified in the original screening Order. Namely, Plaintiff must clearly allege that Defendant issued a false RVR in retaliation for the May 18, 2016 grievance (if that is what he is alleging), and he must demonstrate a causal link between his protected activity and Defendant's retaliation. (See ECF No. 10 at 4.) The amended complaint does not clearly do these things.**

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

## B. Retaliation Claim

For Plaintiff's benefit, the Court again sets forth below the legal standard for a retaliation claim:

Section 1983 provides for a cause of action against prison officials who retaliate against inmates for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the prison context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

inmate's exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The second element focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint or grievance is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

A second amended claim for retaliation shall set forth allegations in accordance with this standard.

**V. Conclusion**

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's amended complaint (ECF No. 11) is DISMISSED with leave to amend;

3.    The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the amended complaint filed September 11, 2017;

4.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either file a second amended complaint curing the deficiencies identified by the Court in this Order or a notice of voluntary dismissal;

5.    If Plaintiff fails to comply with this Order, this action will be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   November 5, 2017       /s/ *Michael J. Seng*

                                     UNITED STATES MAGISTRATE JUDGE