| | |
|---|---|
| | UNITED STATES DISTRICT COURT<br><br>FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MYOHO WINSTON,<br><br>                Plaintiff,<br><br>   v.<br><br>I. MARTINEZ,<br><br>                Defendant. | Case No. 1:17-cv-00774-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br>   (1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED;<br>   (2) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED IN FULL; AND<br>   (3) THIS CASE BE DISMISSED WITHOUT PREJUDICE<br><br>ECF Nos. 29, 31<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

     Plaintiff Myoho Winston is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff proceeds on his second amended complaint, in which he states a First Amendment retaliation claim against defendant I. Martinez. ECF Nos. 14, 16. Plaintiff alleges that defendant handcuffed and threatened him following a July 11, 2016 hearing on a grievance concerning a confiscated television. He further alleges that defendant falsified a "Rules Violation Report" relating to the confiscation.

The parties' cross-motions for summary judgment are before the court. ECF Nos. 29, 31. We recommend that the court deny plaintiff's motion for summary judgment, ECF No. 29, and grant defendant's motion for summary judgment, ECF No. 31. We further recommend that this case be dismissed without prejudice.

**I.     SUMMARY JUDGMENT STANDARD**

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment or summary adjudication should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates that summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers

to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**II.     DISCUSSION**

    **a. Plaintiff's Motion for Summary Judgment on the Merits**

Plaintiff has filed a motion and supporting declaration asking the court to enter summary judgment in his favor on the merits of the case. ECF No. 29. Defendant opposes the

motion, arguing that plaintiff has not followed the appropriate procedures for filing a motion for summary judgment.

Plaintiff filed his motion for summary judgment on the merits just two months after a scheduling and discovery order set an exhaustion motion deadline of August 16, 2018 and a discovery deadline of January 16, 2019. ECF No. 22. Defendant timely filed an exhaustion motion on August 10, 2018, ECF No. 31, and simultaneously moved for a stay of merits-based discovery until the exhaustion issue was resolved, ECF No. 32. In accordance with the law of this circuit, the court indicated that the parties may file a motion to amend the discovery schedule after the exhaustion motion is resolved, ECF No. 34. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit.").

Defendant has filed a declaration stating that additional merits-based discovery will be needed if this case proceeds beyond the exhaustion phase. ECF No. 33 at 7-8. Because the exhaustion issue has not been resolved and additional merits discovery will remain if the case proceeds past the exhaustion phase, we agree that plaintiff's merits-based motion for summary judgment is premature. *See Albino*, 747 F.3d at 1170; *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) ("[Adjudication of a motion for] summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs.").

Accordingly, we will recommend that the court deny plaintiff's motion for summary judgment, subject to refiling at the appropriate time if this case proceeds beyond the exhaustion phase. *See* Fed. R. Civ. P. 56(d) (providing that the court may defer, deny, or allow time for discovery if a non-movant attests that it cannot present essential facts in opposition to a motion for summary judgment).

### b. Defendant's Motion for Summary Judgment on 'Plaintiff's Failure to Exhaust Administrative Remedies

**1. Requirement to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (quoting *Griffin*, 557 F.3d at 1120).

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**2. CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. *Id.* § 3084.5. A prisoner initiates the exhaustion

1 process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance") within thirty
2 calendar days (1) of the event or decision being appealed, (2) from the time the prisoner first had
3 knowledge of the action or decision being appealed, or (3) from the time the prisoner received an
4 unsatisfactory departmental response to an appeal filed. *Id.* §§ 3084.2(a), 3084.8(b) (quotation
5 marks omitted). There is one exception to the thirty-day rule: "There shall be no time limits for
6 allegations of sexual violence or staff sexual misconduct." *Id.* § 3084.2(b)(4).

7 The grievance must "describe the specific issue under appeal and the relief requested,"
8 and the inmate "shall list all staff member(s) involved and shall describe their involvement in the
9 issue." *Id.* § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to
10 him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal
11 Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* § 3084.2(a)(4).

### 3. Application

13 Defendant argues in his motion for summary judgment that plaintiff did not exhaust his
14 administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e. In a summary
15 judgment motion for failure to exhaust, the defendants have the initial burden to establish "that
16 there was an available administrative remedy, and that the prisoner did not exhaust that
17 available remedy." *Albino*, 747 F.3d at 1172. If the defendants carry that burden, "the burden
18 shifts to the prisoner to come forward with evidence showing that there is something in his
19 particular case that made the existing and generally available administrative remedies
20 effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with
21 defendants, however. *Id.*

22 Defendant points to CDCR grievance records to support his motion. He asserts that
23 neither of plaintiff's two exhausted appeals between July 11, 2016 and November 27, 2017
24 raised the relevant allegations of the retaliation claim set forth in the second amended
25 complaint. *See* ECF No. 31-2 at 6. In opposition to defendant's motion, plaintiff contends that
26 one of the two fully-exhausted grievances identified by defendant (Appeal Log No. COR-16-
27 4589) contains the information needed to satisfy the 42 U.S.C. § 1997e exhaustion requirement.
28 *See* ECF No. 35 at 1.

1 | Thus, the parties do not dispute that there were administrative remedies available to plaintiff at the prison. Neither does plaintiff claim that there is another relevant grievance not identified by defendant. The remaining dispute is a legal question: whether grievance No. COR-16-4589 satisfied the exhaustion requirement.

Plaintiff filed the relevant grievance at issue here, No. COR-16-4589, on September 2, 2016. *See* ECF No. 31-4 at 10. It was denied at the third-level of review on April 11, 2017. *See id*. at 8-9. For the section of the grievance asking the inmate to identify the subject of the appeal, plaintiff wrote, "Retaliation 3084.4(d)." *Id*. at 10. In the section requesting an explanation of the issue, plaintiff wrote:

> I [inmate] Winston filed a 602 see Log# 16-2689 on May 18, 2016 at approximately 1130 hours and on July 11, 2016 I was interviewed by [correctional officer] C. Rodriguez for the first level response[.] My appeal was denied on my first level. I was dissatisfied and frustrated of the response which caused me to respond by stating "if I stole his T.V., why haven't you written me up on CDCR 115 for this incident that supposedly took place (2) two months ago dated May 3, 2016[."] On July, 29 I received a CDCR 115 for [supposedly] theft which did not get issued by CDCR 115 reporting employee [correctional officer] I. Martinez until after the 602 was already [processed] and heard[.]

*Id*. at 10, 12. Plaintiff requested a "thorough investigation" and for the "RVR 115 to be dismissed and removed." *Id*. at 10.

Grievance No. COR-16-4589 was rejected at the first level on September 16, 2016 and at the second level on December 15, 2016. *See id*. at 10-11. A detailed explanation of the decision was given to plaintiff at the second level. *See id*. at 14-15. CDCR interpreted plaintiff's claim as a challenge to sufficiency of the evidence to support a charge of theft in the July 11, 2016 RVR. *See id*. at 14. The letter indicates that plaintiff had a telephonic interview with a correctional counselor on November 29, 2016, affording him the opportunity to explain his appeal and to provide additional information. *See id*. However, plaintiff indicated that he had nothing further to clarify. *See id*. In summarizing plaintiff's argument in grievance No. COR-16-4589, CDCR wrote:

> You contend the RVR should be dismissed noting the RVR was not written by the Reporting Employee [I. Rodriguez].

7

> A review of the RVR indicates your RVR was generated on the direct order from the Associate Warden B. Odle. Your cell was searched by 3B Property Officer C. Rodriguez due to allegations you stole another inmate television [sic]. Inmate Holgerson, alleged you entered his cell and stole his television while he was out to medical the day before. A review of bed assignments in Strategic Offender Management System confirmed Holgerson (the owner of the television) was in fact out to medical the previous day. Inmate Holgerson provided a receipt for a television which included the make, model, serial number and date of purchase as proof of ownership. A Clear-Tek television found among your personal property during the cell search was closely looked at. The television appeared to be in good working order; the appearance is of new condition as it had no scratches, markings or signs of being tampered or altered. An engraving of inmate Holgerson's name, CDC# and the matching television serial numbers was located and was noted to be poorly scratched out. Your name, CDC# and the matching television serial numbers were located and were engraved in a different location on the television. You could not provide a receipt for the television. Therefore, your contentions are without merit noting you have provided no substantiation to support your claim. The Second Level Review (SLR) finds the [RVR Senior Hearing Officer] relied upon a reasonable amount of evidence in establishing a preponderance of your guilt. Therefore, your appeal is denied at the SLR.
> In addition, the Hiring Authority has reviewed your appeal and determined no staff misconduct occurred.

*Id*. at 15.

When plaintiff appealed CDCR's second-level decision on January 9, 2017, he wrote "dissatisfied with the decision" in the section requesting an explanation for the reason for the appeal. *Id*. at 11. In denying the appeal at the third-level, CDCR similarly interpreted grievance No. COR-16-4589 as a challenge to the sufficiency of the evidence in support of the RVR. *See id*. at 8.

Plaintiff argues that grievance No. COR-16-4589 is sufficient to exhaust the retaliation claim in this case because "retaliation" is written in the subject line and the grievance names defendant Martinez. *See* ECF No. 35 at 1. We do not agree. The conduct forming the basis for the First Amendment retaliation claim in the second amended complaint was omitted from CDCR administrative remedial process. Thus, CDCR did not have a fair opportunity to resolve plaintiff's claim prior to the filing of this lawsuit.

Plaintiff's second amended complaint alleges that a television was improperly confiscated from his cell on May 3, 2016. ECF No. 14 at 3. Plaintiff filed a grievance concerning the confiscation on May 18, 2016. *See id*. At the hearing on the May 18 grievance,

defendant Martinez allegedly handcuffed plaintiff and threatened him with violence, stating:

> Check this out, motherfucker[.] [Y]ou might as well abandon this fuckin appeal—you know that fuckin T.V. taken May 3rd, 2016 was not yours and given back to inmate Holgerson the day he went to ad-seg[.] Now stop filing all this paperwork or we will have to fuck you up and then we will put you in ad-seg.

*Id*. Plaintiff allegedly did not pursue the May 18 grievance due to the threats. *See id*. at 4. Then, on July 11, 2016, defendant Martinez allegedly falsified a Rules Violation Report ("RVR"), improperly causing the RVR to appear as if it had been issued before plaintiff's May 18 grievance. *See id*.

A grievance need not include precise legal theories or terminology. The purpose of a grievance is not to lay the groundwork for litigation. *See Reyes*, 810 F.3d 659. Thus, plaintiff's grievance does not need to track the allegations of the operative civil rights complaint in this case. However, a grievance must—at the very least—alert "the prison to the nature of the wrong for which redress is sought." *Id*. Grievance No. COR-16-4589 fails to meet this standard.

In contrast to the second amended complaint, the serious allegations concerning the threats of physical violence by defendant and his insistence that plaintiff abandon his appeal do not appear in grievance No. COR-16-4589. *See* ECF No. 31-4 at 10, 12. As stated above, a prison's own grievance process determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Jones v. Bock*, 549 U.S. at 218. To exhaust administrative remedies, California regulations require that a grievance "describe the specific issue under appeal and the relief requested" and "list all staff member(s) involved and describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a). The regulations also require that the grievance "state all facts known and available to [the inmate] regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.* By omitting any mention of the serious allegations of threats and intimidation by defendant Martinez articulated in the second amended complaint, plaintiff failed to submit a grievance with the level of detail required for exhaustion by Cal. Code Regs. tit. 15, § 3084.

1    The omission of the alleged serious threats and intimidation by defendant Martinez in
2    grievance No. COR-16-4589 appears to be the reason why CDCR interpreted plaintiff's
3    argument as one challenging the sufficiency of the charge of theft in the RVR rather than one
4    challenging the retaliatory conduct of defendant Martinez. *See* ECF No. 31-4 at 8-9, 14-15.
5    Plaintiff failed to take advantage of opportunities to clarify his allegations as to defendant
6    Martinez in the administrative resolution process. *See id*. at 11, 14. CDCR was therefore
7    unaware of any alleged threats or intimidation and did not have an opportunity to investigate
8    the allegations prior to the filing of this civil rights lawsuit.

### III.     FINDINGS AND RECOMMENDATIONS

Accordingly, the court recommends that:

1. plaintiff's motion for summary judgment, ECF No. 29, be denied;
2. defendant's motion for summary judgment, ECF No. 31, be granted; and
3. this case be dismissed without prejudice.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     January 23, 2019

UNITED STATES MAGISTRATE JUDGE

10

11